IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BRAVO SPORTS,
    Appellant,

v.                                              Civil Action No. 3:18-cv-00784-JAG

TOYS "R" US, INC., et al.,
    Appellees.

## OPINION

Bravo Sports appeals an order from the United States Bankruptcy Court for the Eastern District of Virginia. The Bankruptcy Court denied Bravo's motion to file a late chapter 11 administrative expense claim, finding that Bravo failed to show excusable neglect for missing the claim deadline. Because the Bankruptcy Court adequately weighed the relevant factors and did not commit a clear error of judgment, the Court will affirm the decision of the Bankruptcy Court.

## I. BACKGROUND

Toys "R" Us, Inc. ("TRU"), declared bankruptcy in September, 2017. On November 29, 2017, Bravo filed timely claims against TRU in the Bankruptcy Court for recreational and sporting goods it sold to TRU before TRU declared bankruptcy. Bravo shipped $574,960.52 worth of goods after TRU declared bankruptcy. Payment for the post-bankruptcy goods became due on June 5, 2018.

On May 25, 2018, the Bankruptcy Court set a filing deadline of July 16, 2018, for all claims entitled to administrative priority under 11 U.S.C. § 503.[1] TRU's claim and notice agent mailed the order with the deadline to Bravo on June 4, 2018. Bravo's controller, Daneene Elston, received all communications regarding Bravo's claims against TRU. Elston was

---

[1] Section 503 allows entities to request payment of administrative expenses in bankruptcy proceedings "if permitted by the court for cause." 11 U.S.C. § 503.

scheduled to begin maternity leave on July 6, 2018, so on May 21, 2018, Bravo hired Steven Finney to take Elston's place in the interim. Elston unexpectedly began her maternity leave due to a medical emergency several weeks after Bravo hired Finney.[2]

When Finney assumed his role as interim controller at Bravo, he did not know of the Bankruptcy Court's July 16 claim deadline. Finney first learned of the deadline when he found the Bankruptcy Court's order during the week of July 23. Although Bravo's legal affairs manager told Finney that Elston had already filed all the claims in the case, Elston never filed a claim for the post-bankruptcy shipments of $574,960.52. When Finney discovered that Elston had not filed the claim, Bravo began searching for local counsel. Bravo retained local counsel on September 6, 2018. After Finney's family emergency further delayed the process, Bravo moved for permission to file a late administrative claim on September 18, 2018–sixty-four days after the deadline. The Bankruptcy Court denied the motion, holding that Bravo failed to show excusable neglect for missing the deadline. This appeal followed.

## II. STANDARD OF REVIEW

District courts review a bankruptcy court's finding on excusable neglect for abuse of discretion.[3] *Colony Apartments v. Abacus Project Mgmt., Inc.*, 197 F. App'x 217, 223 (4th Cir. 2006). When reviewing a bankruptcy court's decision for abuse of discretion, "the district court will not reverse the bankruptcy court unless its conclusion was 'guided by erroneous legal principles,' or 'rests upon a clearly erroneous factual finding.'" *In re Yankah*, 514 B.R. 159, 163

---

[2] The record does not indicate exactly when Finney assumed his duties as interim controller, but Finney began working at Bravo before Elston left for maternity leave.

[3] Bravo argues that the Bankruptcy Court applied the wrong legal standard because it only considered one of the four relevant factors, and thus asks the Court to review the decision de novo. As the Court explains below, however, the Bankruptcy Court applied the correct legal standard by weighing the relevant factors. Accordingly, the proper standard of review on appeal is abuse of discretion. *See In re Yankah*, 514 B.R. 159, 163 (E.D. Va. 2014).

(E.D. Va. 2014) (quoting *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999)). "[E]ven if the bankruptcy court applies the proper legal principles to supported facts, the district court may reverse if it holds 'a definite and firm conviction that the [bankruptcy court] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.'" *Id.* (alteration in original) (quoting *Westberry*, 178 F.3d at 261).

### III. DISCUSSION

"Rule 9006(b)(1) empowers a bankruptcy court to permit a late filing if the movant's failure to comply with an earlier deadline 'was the result of excusable neglect.'" *Pioneer Inv. Servs. Co. v. Brunswick Assocs., L.P.*, 507 U.S. 380, 382 (1993) (quoting Fed. R. Bankr. P. 9006(b)(1)). Courts "should find excusable neglect only in the *extraordinary cases* where injustice would otherwise result." *Symbionics Inc. v. Ortlieb*, 432 F. App'x 216, 220 (4th Cir. 2011) (emphasis in original).

Courts consider four factors when determining whether excusable neglect justifies a late-filed bankruptcy claim. *See In re US Airways, Inc.*, No. 04-13819-SSM, 2005 WL 3676186, at *6-7 (Bankr. E.D. Va. Nov. 21, 2005). These factors include "(1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Id.* at *7 (citing *Pioneer*, 507 U.S. at 389). The Fourth Circuit has characterized the third factor, "the untimely party's reason for the delay," as "the most important [factor in] the excusable neglect inquiry." *Symbionics Inc.*, 432 F. App'x at 219; *see also United States v. Jones*, 658 F. App'x 188, 191 (4th Cir. 2016) ("The *Pioneer* factors . . . do not carry equal weight; the excuse given for the late filing must have the greatest import.").

In this case, the Bankruptcy Court adequately weighed the relevant factors in its finding that Bravo failed to show excusable neglect. In considering the danger of prejudice to the debtor (the first factor), the court concluded that prejudice did not exist. Hr'g Tr. 53:25-54:5 (Dk. No. 5) ("I'm not real sure I've heard really what the prejudice is."). The court also contemplated the sixty-four-day length of delay (the second factor), and similarly afforded it little weight. *Cf. Agnew v. United Leasing Corp.*, No. 2:14-cv-525, 2015 WL 13022508, at *4-5 (E.D. Va. Aug. 10, 2015) (finding a delay of twelve days did not constitute excusable neglect). The parties agreed that Bravo had acted in good faith (the fourth factor).

The Bankruptcy Court emphasized the third factor: the reason for delay and "whether the ability to file the claim timely was within the reasonable control of the claimant." Hr'g Tr. 57:24-58:1. While acknowledging Elston's unexpected medical emergency, the court noted that Bravo received timely notice of the claim deadline and that Finney began working at Bravo before Elston left. *Id.* at 58:2-4. Even after the medical emergency, "there was an opportunity for [Finney] to comply with the deadline."[4] *Id.* at 58:4-6. The Bankruptcy Court thus found that Bravo's ability to file a timely claim was "clearly" within its reasonable control, "[i]n light of the timing" and Finney's lack of "haste" in complying with the deadline. *Id.* at 58:1-2, 58:12-16. The Bankruptcy Court's conclusion did not "rest[] upon [any] clearly erroneous factual finding[s]." *Yankah*, 514 B.R. at 163.

Nor did the Bankruptcy Court commit a "clear error of judgment" by emphasizing Bravo's reason for the delay. *Id.* Indeed, the Fourth Circuit has instructed courts to place the

---

[4] Bravo asserts that the Family and Medical Leave Act ("FMLA") prevented it from contacting Elston regarding the claims. The FMLA, however, permits employers to contact employees on leave for "*de minimis* work-related" purposes. *Antekeier v. Lab. Corp. of Am.*, 295 F. Supp. 3d 679, 684 (E.D. Va. 2018) (explaining that the FMLA permits "a telephone call to request client contact information or a call to update an employee about news in the workplace"). Even if the FMLA did prevent Bravo from contacting Elston, that alone would not alter the Court's decision.

4

most importance on "this critical third factor." *Symbionics, Inc.*, 432 F. App'x at 219 (explaining that "the first two *Pioneer* factors will favor the moving party" and that "the fourth *Pioneer* factor is rarely material"). The Bankruptcy Court acknowledged that the other factors weighed in Bravo's favor, but nonetheless concluded that the third factor outweighed the others. Moreover, the Bankruptcy Court adequately supported its conclusion as to Bravo's reason for the delay with the underlying facts. *See Yankah*, 514 B.R. at 163. Upon "review [of] the record and reasons offered by the [Bankruptcy] [C]ourt," *Westberry*, 178 F.3d at 261, the Court finds that the Bankruptcy Court did not abuse its discretion. Accordingly, the Court will affirm the Bankruptcy Court's decision.

## IV. CONCLUSION

The Bankruptcy Court did not abuse its discretion in finding that Bravo failed to show excusable neglect for missing the claim deadline. The Court, therefore, will affirm the Bankruptcy Court's decision.

The Court will enter an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 11 April 2019
Richmond, VA

/s/ 
John A. Gibney, Jr.
United States District Judge

5